IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| OFFIE JOHN DODSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-cv-1032 |
| ) | |
| SHERIFF JEFF LONG, ) | Judge Campbell |
| DEPUTY STEPHEN SHAVER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Offie John Dodson's *pro se* complaint (ECF No. 1) is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

I.  **STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that (1) fails to state a claim upon which relief can be granted, or (2) is frivolous. Section 1915A(a) similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461,

466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. LEGAL ANALYSIS

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988). Claims against entities or individuals who are not state actors and "persons" subject to suit under § 1983 must be dismissed. Claims that do not state a deprivation of a right secured by the Constitution or federal law must likewise be dismissed.

In his complaint, the plaintiff seeks monetary damages against each of the defendants, who are identified as Williamson County Sheriff Jeff Long, Deputy Sheriff Stephen Shaver, and Patti Walton, the Laboratory Administrative Director of the Williamson County Medical Center. The defendants are all named in both their individual and official capacity. The plaintiff alleges that on February 22, 2012, he was pulled over and arrested by Deputy Shaver. Shaver transported the plaintiff to the Williamson County Medical Center where he and another, unnamed deputy "held [the plaintiff] down while [an unnamed] nurse took [his] blood . . . without [his] permission with force." (ECF No. 1, at 6.) Construing the complaint broadly, as is appropriate for a *pro se* complaint, the Court understands the plaintiff to allege that the taking of a blood sample without his permission and without a warrant constituted the use of excessive force, violated due process, and/or was an unreasonable search in violation of the plaintiff's constitutional rights.

### A. The Claims Against Defendants Long and Walton

As an initial matter, the Court finds that the complaint fails to state a claim under § 1983 against Sheriff Jeff Long and Lab Director Patti Walton in either their individual or official capacity. First, it is not clear whether Walton qualifies as a state actor against whom a suit under § 1983 may be maintained.

Even assuming that Walton might qualify as a state actor, the plaintiff does not allege that Sheriff Long or Director Walton had any personal involvement in or even knowledge of the actions of the individuals who forced the plaintiff to submit to a blood test. Rather, the claims against these defendants appear to be based solely on the fact that they were the supervisors of the individuals who took the blood sample. "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Because the plaintiff here has not alleged that Long or Walton had any personal involvement in the challenged actions or even that they had knowledge of or acquiesced in the conduct of employees under their supervision, he fails to state a claim against them in their individual capacity.

With respect to the official-capacity claims, such claims are tantamount to claims against the entity that employs the named defendants. From the complaint, it does not appear that Watson's employer is a state actor that could be sued under § 1983. Sheriff Long and Deputy Shaver are Williamson County employees. A municipality qualifies as a "person" subject to liability under § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional violation. *Id.* at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't,* 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

In the instant case, the plaintiff does not allege the existence of a governmental policy or custom that caused his alleged harm. Instead, the incident alleged in the plaintiff's complaint appears to be an isolated occurrence. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As

nothing in the complaint demonstrates that the event alleged in the complaint occurred as a result of a policy or custom implemented or endorsed by Williamson County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it. The plaintiff's official-capacity claims will therefore be dismissed.

### B. The Claim Against Deputy Shaver

To the extent the plaintiff intends to state a claim against Deputy Shaver based on the alleged use of post-arrest excessive force, such a claim fails. Although "[i]t is clear . . . that the Due Process Clause [of the Fourteenth Amendment] protects a pretrial detainee from the use of excessive force that amounts to punishment," *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989), the plaintiff here has not alleged facts suggesting that the administration of the blood test was punitive in nature, or that he actually suffered pain or significant injury in connection with the blood test. The plaintiff therefore fails to state a cognizable claim under the Fourteenth Amendment for the use of excessive force.

To the extent the plaintiff seeks to state a due-process claim, the Supreme Court has rejected such a claim in analogous circumstances. *Schmerber v. California*, 384 U.S. 757, 760 (1966) (rejecting due-process claim by arrestee whose blood was drawn by a physician at a hospital, at a police officer's direction, over the arrestee's objection).

However, the plaintiff's allegations implicate the Fourth Amendment's prohibition of unreasonable searches. The Supreme Court has recognized that the Fourth Amendment governs intrusions into the human body, including compulsory blood tests. *Schmerber*, 384 U.S. at 767. Such intrusions constitute searches under the Fourth Amendment and are forbidden unless they are justified by the circumstances and made in a proper manner. *See id.* at 768 ("[T]he questions we must decide in this case are whether the police were justified in requiring petitioner to submit to the blood test, and whether the means and procedures employed in taking his blood respected relevant Fourth Amendment standards of reasonableness."). Thus, generally speaking, in the absence of a warrant, police are not justified in requiring a blood sample unless probable cause and exigent circumstances exist. *See id.* at 769–70 ("The interests in human dignity and privacy which the Fourth Amendment protects forbid any such intrusions on the mere chance that desired evidence might be obtained. In the absence of a clear indication that in fact such

evidence will be found, these fundamental human interests require law officers to suffer the risk that such evidence may disappear unless there is an immediate search."); *Ellis v. City of San Diego*, 176 F.3d 1183, 1192 (9th Cir. 1999) ("[W]arrantless compulsory blood tests are unreasonable unless supported by both [1] probable cause and [2] exigent circumstances." (citing *Schmerber*)). Based on *Schmerber*, the Court finds that the plaintiff states a colorable claim against Deputy Shaver under § 1983 for violation of the plaintiff's rights under the Fourth Amendment.

Finally, the Court notes, based on his address, that the plaintiff remains in the Williamson County Jail. Notwithstanding, the disposition of the arrest that lead to the blood test in February 2012 is not clear from the complaint. To the extent the claims arising from that arrest are still pending, the plaintiff's claims may be foreclosed by the doctrine established in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87 (footnote omitted). While *Heck* is typically applied to cases where there is an underlying conviction, the Sixth Circuit has acknowledged that the *Heck* principles apply with equal force to pre-conviction cases where criminal charges are still pending. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005). Because the resolution of the charge for which the plaintiff was arrested in February 2012 is not clear from the present record, the Court finds that dismissal on the basis of *Heck* is not appropriate at this stage of the proceedings.

In sum, the Court finds, for purposes of the initial screening, that the plaintiff has state a colorable claim under § 1983 against Deputy Shaver in his individual capacity for the alleged violation of the plaintiff's

rights under the Fourth Amendment. That claim will be permitted to proceed. All other putative claims will be dismissed for failure to state a claim for which relief may be granted.

An appropriate order is filed herewith.

Todd Campbell
United States District Judge