IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| OFFIE JOHN DODSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:12-CV-1032 |
| v. | ) | Judge Campbell/Bryant |
| | ) | |
| DEPUTY STEPHEN SHAVER, | ) | |
| | ) | |
| Defendant, | ) | |

TO: The Honorable Todd Campbell

### REPORT AND RECOMMENDATION

This matter is on referral to the undersigned for, inter alia, pretrial management of the case, including recommendation for ruling on any dispositive motions (Docket Entry No. 6). Defendant Deputy Stephen Shaver has filed a motion for summary judgment (Docket Entry No. 25). For the reasons stated below, the undersigned Magistrate Judge recommends that defendant's motion for summary judgment be granted and the complaint dismissed.

### Statement of the Case

Plaintiff Offie John Dodson, a prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint on October 9, 2012, alleging defendant Deputy Stephen Shaver violated his Fourth Amendment right to be free from unreasonable searches (Docket Entry No. 1). The other claims in Dodson's complaint were dismissed by the Court upon initial screening (Docket Entry No. 5). On February 22, 2012, Deputy Shaver subjected Dodson to an involuntary blood draw after arresting Dodson upon probable cause that he was driving under the influence of alcohol (*Id.* at

1

2). Dodson seeks damages under 42 U.S.C. § 1983 (*Id.*). Deputy Shaver filed a motion for summary judgment on January 10, 2013 (Docket Entry No. 25).

## Statement of the Facts

Defendant Deputy Shaver pulled Mr. Dodson over on Pinewood Road in Primm Springs, Tennessee on February 22, 2012 (Docket Entry No. 26, p.1). Deputy Shaver smelled alcohol and saw an open beer can spilled on the car's floor (*Id.* at 1–2). Mr. Dodson failed standard field sobriety tests (*Id.* at 2). After arresting Mr. Dodson upon probable cause of driving under the influence, Deputy Shaver discovered that Mr. Dodson had nine previous convictions for driving while intoxicated (*Id.* at 3). Deputy Shaver took Mr. Dodson to the Williamson County Medical Center for the blood draw, as required by Tenn. Code Ann. § 55-10-406(f)(2) (2012) (*Id.* at 4). Deputy Shaver "held [Mr. Dodson] down while a nurse took [his] blood . . . without [his] permission with force" (Docket Entry No. 1, p.6). Mr. Dodson characterizes the incident as an "out [r]ight attack" (Docket Entry No. 24, p.2).

At the time of the blood draw, which occurred about two hours after the traffic stop, Mr. Dodson's blood alcohol content was 0.31% (Docket Entry No. 26, p.4). On December 10, 2012, Mr. Dodson pled guilty to "DUI 1st > .20 BAC" and a violation of the Motor Vehicle Habitual Offenders Act (Docket Entry No. 27, p.4).

## Standard of Review

To prevail on a motion for summary judgment, the movant must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party cannot simply "rest on its pleadings but must present some 'specific facts showing

that there is a genuine issue for trial.'" *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). To defeat a motion for summary judgment, "the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012).

All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). The complaint of a plaintiff proceeding *pro se* must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "basic pleading essentials" still must be met. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## Analysis

Plaintiff Dodson brought this suit under 42 U.S.C. § 1983. To state a claim under § 1983, the plaintiff must demonstrate: (1) that he was deprived of a right secured by the Constitution or the laws of the United States, and (2) that the alleged deprivation was committed under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

Defendant Deputy Shaver has raised two affirmative defenses: (1) Mr. Dodson's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and (2) Deputy Shaver is entitled to qualified immunity based on his good faith reliance on a Tennessee statute, Tenn. Code Ann. § 55-10-406(f)(2) (2012), and case law justifying nonconsensual blood draws in certain circumstances (Docket Entry No. 27, p.5). Resolving the issue of whether or not Mr. Dodson's claim is barred by *Heck* is unnecessary because Deputy Shaver, the sole remaining defendant, is entitled to qualified immunity.

3

Deputy Shaver is a government official who was performing discretionary functions during his interactions with Mr. Dodson.[1] A government official performing discretionary functions is protected from civil liability under the qualified immunity doctrine unless, viewing the facts in the light most favorable to the plaintiff, a reasonable juror could find that: "(1) the defendant violated a constitutional right; and (2) the right was clearly established." *Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir. 2011). A constitutional right is clearly established if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). A court may address the two prongs in either order, or otherwise resolve the issue in an appropriate manner. *See Pearson v. Callahan*, 555 U.S. 223, 242 (2009).

Deputy Shaver is protected by qualified immunity because he did not violate a clearly established right. The Fourth Amendment allows compulsory blood draws which are (1) justified in the circumstances and (2) performed reasonably. *Schmerber v. California*, 384 U.S. 757, 768 (1966). Although the evidence suggests Deputy Shaver requiring Mr. Dodson to

---

[1] Qualified immunity is intended to protect public officers "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). Although, under Tenn. Code Ann. § 55-10-406(f)(2), Deputy Shaver was required to obtain a blood sample upon discovering plaintiff's previous DUI convictions, he was still performing discretionary functions in pulling over Mr. Dodson and in determining there was probable cause to arrest Mr. Dodson for a DUI. The determination of probable cause was required to satisfy the statutory condition precedent to mandate under subsection (f)(2). *See* Tenn. Code Ann. § 55-10-406(a)(1) ("[N]o such test or tests may be administered pursuant to this section, unless conducted at the direction of a law enforcement officer having reasonable grounds to believe the person was driving while under the influence of alcohol . . ."). This determination plainly involved "personal deliberation, decision and judgment" influence by Deputy Shaver's experiences in the field. *See Davis v. Holly*, 835 F.2d 1175, 1178–79 (6th Cir. 1987) (quoting, e.g., *Harlow*, 457 U.S. at 816)).

submit to a blood draw was justified in the circumstances and performed reasonably, it is sufficient to find that no clearly established right prohibited Deputy Shaver's actions.

A compulsory blood draw without a warrant may be justified in the circumstances if the officer has probable cause to believe evidence of intoxication will be found, and the officer reasonably believes delay will threaten the destruction of evidence. *Id.* at 770. Deputy Shaver testified in his affidavit that he had probable cause to believe evidence of Mr. Dodson's intoxication would be found from a blood draw based upon Deputy Shaver smelling alcohol, seeing open beer cans in Mr. Dodson's car and observing Mr. Dodson fail field sobriety tests during the traffic stop (*See* Docket Entry No. 28–1, p.1–2). Mr. Dodson has not rebutted this evidence. When the blood draw in this case occurred, the law in the Sixth Circuit and Tennessee suggested compulsory blood draws with probable cause were generally justified because blood alcohol levels naturally diminish over time.[2] *United States v. Berry*, 866 F.2d 887, 891 (6th Cir. 1989) ("because evidence of intoxication begins to dissipate promptly . . . there were exigent circumstances indicating the need to take such action"); *State v. Fowler*, 1985 Tenn. Crim. App. LEXIS 3290 (1985) ("[e]xigent circumstances will generally always exist because the nature of alcohol is such that it will soon disappear from a person's blood stream").

Furthermore, Deputy Shaver was justified in the circumstances because he was acting pursuant to a Tennessee statute which required him to test Mr. Dodson's blood alcohol content. Under Tenn. Code Ann. § 55-10-406(f)(2) (2012), if an officer has probable cause to suspect a

---

[2] In *Missouri v. McNeely*, 569 U.S. __, No. 11-1425, 133 S.Ct. 1552 (Apr. 17, 2013), the Supreme Court held that case-specific exigent circumstances are required to justify a compulsory blood draw. However, the blood draw in this case occurred on February 22, 2012, so *McNeely* is not relevant in determining whether or not a constitutional right was clearly established at the time of this incident.

5

driver of a motor vehicle has been driving under the influence and has previously been convicted of driving under the influence, then "the officer shall cause the driver to be tested for the purpose of determining the alcohol or drug content of the driver's blood." The statute provides that this test "shall be performed regardless of whether the driver does or does not consent to the test." *Id.*

While it is clear that a compulsory blood draw must be performed reasonably, *Schmerber*, 384 U.S. at 768, Deputy Shaver's actions did not violate a clearly established limit on how officers may conduct compulsory blood draws. The Court in *Schmerber* suggested a compulsory blood draw was reasonable if performed "by a physician in a hospital environment according to accepted medical practices." *Id*. at 771. Deputy Shaver took Mr. Dodson to Williamson County Medical Center where a nurse performed the blood draw (Docket Entry No. 1, p.6). While Mr. Dodson conclusorily alleges that being held down on the table by Deputy Shaver during the blood draw was a forceful attack, such temporary restraint is consistent with the nature of compulsory blood draws and the Tennessee statute requiring blood tests from unconsenting individuals. Therefore, there is no indication that this blood draw was performed unreasonably.

Given the state of Fourth Amendment law regarding compulsory blood draws at the time of Deputy Shaver's actions, there is no clearly established right that would have caused a reasonable officer to be aware he was violating a constitutional right in these circumstances. Therefore, Deputy Shaver is entitled to qualified immunity and Mr. Dodson's claim should be dismissed.

## Recommendation

For the reasons stated above, the undersigned Magistrate Judge recommends that the motion for summary judgment filed on behalf of defendant Deputy Stephen Shaver, be GRANTED and that the complaint be dismissed with prejudice. If this Report and recommendation is accepted, the undersigned further recommends that any pending motions be denied as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 28th day of May, 2013.

                                                                   s/ John S. Bryant
                                                                   JOHN S. BRYANT
                                                                   United States Magistrate Judge